# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY SESSION, 1997

FILED

October 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ANTONIO CRENSHAW, | ) | C.C.A. NO. 02C01-9607-CR-00217 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. BERNIE WEINMAN, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:

**ANTONIO L. CRENSHAW, pro se**
Inmate #123924
R.M.S.I., Unit 5
7475 Cockrill Bend Ind. Road
Nashville, TN 37209-1010

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**JANIS L. TURNER**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**REGINALD HENDERSON**
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Antonio Crenshaw, appeals from the order of the Shelby County Criminal Court dismissing his second petition for post-conviction relief without an evidentiary hearing. In its order, the trial court dismissed the petition based upon Tennessee Code Annotated section 40-30-202(c) (Supp. 1996) because the Petitioner's prior post-conviction petition had been resolved on the merits. We affirm the judgment of the trial court.

On July 16, 1990, Petitioner was convicted of the offense of rape following a trial in the Criminal Court of Shelby County. This court affirmed the conviction on direct appeal, and the supreme court denied his application for permission to appeal on January 27, 1992. On November 3, 1993, he filed a petition for post-conviction relief attacking this conviction based upon allegations of receiving ineffective assistance of counsel. The trial court dismissed the petition and this court affirmed the dismissal of the post-conviction petition on August 30, 1995. Antonio Crenshaw v. State, No. 02C01-9502-CR-00050, Shelby County (Tenn. Crim. App., Jackson, Aug. 30, 1995).

On April 18, 1996, Petitioner filed his second petition for post-conviction relief in the Criminal Court of Shelby County. As grounds for relief, he alleged that the indictment was insufficient because it failed to allege all of the elements of rape, that there was an unconstitutional selection of both the grand jury which returned the indictment and the petit jury which convicted him, that the State refused to disclose exculpatory evidence, that there were various errors by

the trial court during and after his trial, that the State was guilty of prosecutorial misconduct, and that the prosecution used perjured testimony.

The new "Post-Conviction Procedure Act" was enacted by Public Acts of 1995, ch. 207. Section 3 of that Act provided that the Act shall govern all petitions for post-conviction relief filed after May 10, 1995. Petitioner's second petition, therefore, is governed by the new Act. Tennessee Code Annotated section 40-30-202(c) provides in pertinent part as follows:

> (c) This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.

Regarding the allegations that the State failed to disclose exculpatory evidence, the Petitioner alleges that the evidence pertained to inconsistent statements and "other evidence" made by and concerning prosecution witnesses which contradicted the State's theory of the case against Petitioner. Specifically, Petitioner alleges that "[a]mong others, the [S]tate made a deal with State witness Katron Kendrick to reduce the pending charges against him in exchange for his false evidence concerning the sequence of events involving the facts of this case." He also alleges the prosecution withheld computer printouts and jail logbooks which conclusively showed that Petitioner was not housed or physically present at the location of the rape. Petitioner fails to allege when or how he obtained the information which forms the basis of these allegations and did not file any exhibits with his petition to support the allegations.

-3-

Therefore, we conclude that the allegations in the petition concerning the failure to disclose exculpatory evidence do not rise to the level necessary to grant relief under Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

We have carefully reviewed the remaining allegations contained in the petition and note that all could have been brought either in the direct appeal of the conviction or in the first petition for post-conviction relief. Petitioner does not set forth the reasons that he did not bring these grounds in prior proceedings, other than asserting that the new Post-Conviction Procedure Act allows him one year from May 10, 1995 to file a petition for post-conviction relief. This assertion is without merit. See Arnold Carter v. State, ____ S.W.2d ____, No. 03-S-01-9612-CR-00117, Monroe County (Tenn., at Knoxville, Sept. 8, 1997).

Petitioner also argues on appeal that the trial court erred by dismissing his petition without entering a preliminary order pursuant to Tennessee Code Annotated section 40-30-207. However, as argued by the State in its brief, Tennessee Code Annotated section 40-30-206(b) states in pertinent part as follows: "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that . . . a prior petition was filed attacking the conviction and was resolved on the merits, the judge shall enter an order dismissing the petition." Likewise, Petitioner's assertions that the

trial court did not properly comply with the provisions of Tennessee Code Annotated section 40-30-206(a) are without merit.

We affirm the judgment of the trial court.

_____

THOMAS T. WOODALL, Judge

CONCUR:

_____

GARY R. WADE, Judge

_____

JOHN H. PEAY, Judge